# Commonwealth v. Samuel W. Black Company, Appellant.

*Taxation—Mercantile tax—Corporation—Real estate broker—Acts of May 15, 1850, P. L. 772, June 7, 1901, P. L. 534, and April 14, 1905, P. L. 161—Constitutional law—Statutes—Amendments.*

Under the Act of April 14, 1905, P. L. 161, a corporation engaged in the business of a real estate broker must pay a license tax or fee to the commonwealth.

The Act of April 14, 1905, P. L. 161, does not violate section 3 of article III of the constitution, relating to the title of statutes, nor section 6 of article III of the constitution relating to amendments.

The act of April 14, 1905, applies an established system of procedure to a new class of cases by a general reference to existing laws.

Argued May 10, 1907.   Appeal, No. 103, April T., 1907, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. Term, 1906, No. 503, for plaintiff on case stated in case of Commonwealth v. Samuel W. Black Company.   Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Case stated to determine the liability for a license tax.

EVANS, J., filed the following opinion:

The case comes before the court as a case stated in the nature of a special verdict.   The defendant is a corporation of the state of Pennsylvania, organized for the purpose of " carrying on the general business of real estate agent," and is doing business in the city of Pittsburg in the county of Allegheny. On April 25, 1906, the mercantile appraiser of Allegheny county rated the said defendant corporation as " real estate broker " and appraised its receipts at $32,000 per annum and assessed thereon a license tax for the year commencing June 1, 1906, of $961.50, being three per cent of said appraisement with the legal fees added.   The amount of the appraisement is agreed to as correct, but the defendant disputes its liability to be rated, assessed and taxed as a real estate broker.   " It is agreed that this case be decided as though it were before the court on an appeal from the rating and assessment of the

mercantile appraiser; the commonwealth expressly waiving, for the purposes of this case, any appeal on the part of the defendant company from the said rating and assessment."

The Act of April 14, 1905, P. L. 161, entitled " an act to amend an act entitled ' an act to amend the seventh section of an act, entitled a supplement to an act, entitled an act to create a sinking fund and to provide for the gradual and certain extinguishment of the debt of the Commonwealth and to authorize a loan, approved the fifteenth day of May, Anno Domini, one thousand eight hundred and fifty, relieving stock brokers, bill brokers and exchange brokers from the provisions of said act ' approved the seventh day of June, one thousand nine hundred and one, by extending the provisions of said act to all merchandise brokers and real estate brokers, whether persons, firms or corporations," after quoting the seventh section of the Act of May 15, 1850, P. L. 772, as amended by the Act of June 7, 1901, P. L. 534, for amendment, provides: " Section 7. That hereafter all merchandise brokers and real estate brokers, whether persons, firms or corporations in each and every city and county of this commonwealth shall be required to pay annually to the use of the commonwealth for his, their, or its respective commissions or licenses granted in pursuance of the several acts of assembly now in force relating to the same, upon his, their or its annual receipts from commissions, discounts, abatements, allowances, or other similar means in the transaction of said business three per centum." Prior to the passage of the act of 1905 it is admitted there was no liability on the part of a corporation engaged in business of a real estate broker to pay a license tax or fee, and unless the act of 1905 imposes that tax, the judgment in this case must be for the defendant.

The language of the act of 1850, namely, " all merchandise brokers and real estate brokers," taken by itself is unquestionably as broad as the language of the act of 1905, namely, " all merchandise brokers and real estate brokers, whether persons, firms or corporations ; " but in ascertaining the question whether the act was intended to extend the class of persons required to pay a license fee or merely to change the mode of arriving at the amount of the fee, the conclusion reached by the court in the case of the Commomwealth v. Real Estate

Trust Company, 211 Pa. 51, is the natural one, namely, that the expression "all merchandise brokers and real estate brokers" meant all merchandise brokers and real estate brokers which by existing laws were required to take out a license shall thereafter pay the fee prescribed.   But a careful reading of the opinion of the court in that case is convincing that if the language of the act of 1850 had been the language of the act of 1905 the conclusion would have been different. Unquestionably, when the legislature provided that "all merchandise brokers and real estate brokers, whether persons, firms or corporations," it intended by express terms to include corporations in the class that was required to pay a license fee to do business.   And this is particularly true when we consider that the act of 1905 was passed immediately following the decision of the court in the Commonwealth v. Trust Company, 211 Pa. 51.   In connection with this it must be borne in mind that the act of 1905 is an amendment to the act of 1850 as amended by the act of 1901, and, therefore, the act of 1905 is now section seven of the act of 1850 ; that the act of 1850 is a supplement to the Act of April 10, 1849, P. L. 570, which was itself an amendment to the act of May 27, 1841, and, therefore, the act of 1850, as amended by the acts of 1901 and 1905, is incorporated into and is a part of the act of 1841.

But it is claimed by the defendant that even if the fair interpretation of the act of 1905 does include corporations doing a real estate business, the act is unconstitutional for the reason that it offends against sec. 3, art. III, and sec. 6, art. III, of the constitution of 1874.   It is claimed that the title is misleading in that it is an amendment to an act to relieve stockbrokers, bill brokers and exchange brokers from the provisions of the act of 1850.   By the wise provision of the constitution of 1874 all amendments to existing acts of assembly must be complete in themselves, and the act of 1901 enacts the seventh section of the act of 1850 as it is intended to be after amended by that act.   Now, the act of 1905 amends the provisions of the act of 1901, it does not amend its title, and when one reads the title of the act of 1905 in view of the pro visions of the act of 1901, it is perfectly clear.   To any man of ordinary intelligence on reading the title to the act of 1905 he will interpret it to mean an act to amend the seventh section of

the act of 1850 as amended by the act of 1901; and taking that meaning of the title of the act of 1905 it is perfectly clear. Neither does it offend against the sixth section of article III, of the constitution; and we need only cite the opinion of the Supreme Court in the case of Smith Woolen Machinery Co. v. Browne, 206 Pa. 543 : " The constitutional objection that the act transgresses the prohibitions of sec. 6, art. III, cannot be sustained. Section 4 of the act provides that ' proceedings to enforce the collection of claims shall be as is now provided by law in case of mechanics' liens,' except that in certain cases publication is required in addition to posting on the premises. And this is not a violation of the letter or spirit of that section of the constitution which has reference to express amendments only. When there is an established system of procedure in certain cases, whether it be by common law or statute or joint operation of both, a new act applying such system to a new class of cases by general reference to it, is not a violation of sec. 6, art. III, although it may operate to some extent as an extension of a previous statute ; " citing In re Greenfield Avenue, 191 Pa. 290. The act of 1905 clearly applies an established system of procedure to a new class of cases by a general reference to existing laws.

We are of opinion that on the case stated judgment should be entered for the plaintiff with costs. To which conclusion defendant excepts. Exception allowed and bill sealed.

*Error assigned* was the judgment of the court.

*Watson B. Adair*, for appellant.—The statutes relating to the licensing and taxing of brokers do not, when correctly construed, impose any liability upon corporations : Com. v. Real Est. Trust Co., 211 Pa. 51.

The act extending the license laws to real estate brokers was repealed, hence such brokers are no longer taxed, whether natural or artificial persons. If the act of 1905 imposes a tax on corporations doing the business of real estate brokers, it violates sec. 3, art. III of the constitution, which provides : " No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title : " Union Pass. Ry. Co.'s App., 81* Pa. 91 ; Dorsey's App., 72 Pa. 192 ; Moore v. Moore, 23 Pa. Superior Ct. 73 ;

Com. v. Luckey, 31 Pa. Superior Ct. 441 ; Mansfield's Case, 22 Pa. Superior Ct. 224 ; Com. v. Trust Co., 211 Pa. 51 ; Stegmaier v. Jones, 203 Pa. 47 ; Com. v. Samuels, 163 Pa. 283.

If the act of 1905 extends to corporations and to real estate brokers the acts of assembly relating to the licensing of other brokers, it violates sec. 6, art. III of the constitution, which provides : " No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length : " Com. v. Trust Co., 211 Pa. 51 ; Titusville Iron Works v. Oil Co., 122 Pa. 627 ; Pittsburg's Petition, 138 Pa. 401 ; Greenfield Ave., 191 Pa. 290.

Even if the act of 1905 imposes a tax it provides no method for collecting it, and the appellee's action must fall.

Before the passage of the act of April 11, 1862, the tax or license fee could not be recovered by suit : Com. v. Manley, 2 Phila. 173 ; McKeesport Borough v. Fidler, 147 Pa. 532.

*Ira J. Williams,* with him *J. M. Magee, Donald Thompson, George H. Calvert* and *M. Hampton Todd,* attorney general, for appellee.—The commonwealth bases its right to recover the tax in question upon the provisions of secs. 7 and 8 of the Act of May 15, 1850, P. L. 772, as amended by the Act of April 14, 1905, P. L. 161. The act of 1850 is a supplement to the Act of April 10, 1849, P. L. 570, the original act requiring brokers to pay a tax or license for the privilege of doing business. Real estate brokers were not included in the act of 1841, but by sec. 18 of the act of 1849 the provisions of the act of 1841 were extended to real estate brokers and merchandise brokers : Com. v. Real Estate Trust Co., 26 Pa. Superior Ct. 149 ; Mattern v. Canevin, 213 Pa. 588.

The act of 1905 does not violate sec. 3, art. III, of the constitution, in that the subject is not clearly expressed in the title : Com. v. Lloyd, 2 Pa. Superior Ct. 6 ; Purvis v. Ross, 158 Pa. 20 ; Stroudsburg Boro. v. Shick, 24 Pa. Superior Ct. 442 ; Allentown v. Wagner, 214 Pa. 210.

The act of 1905 does not violate article III, sec. 6, of the constitution of Pennsylvania : Greenfield Ave., 191 Pa. 290 ; Smith Woolen Mach. Co. v. Browne, 206 Pa. 543,

Appellant's contention that there is no method provided by law for the collection of the tax is unfounded: Act of April 7, 1830, P. L. 387; Act of April 10, 1849, P. L. 570; Lambertson v. Hogan, 2 Pa. 22; Rhines v. Clark, 51 Pa. 96; Mudge v. Williamsport, 78 Pa. 158; Union Canal Co. v. O'Brien, 4 Rawle, 358; Heinrich v. Venter, 1 Atl. Repr. 598; Kugler's App., 55 Pa. 123; Schwenke v. Union Depot, etc., Co., 4 Pac. Repr. 906.

PER CURIAM, October 7, 1907:

The judgment is affirmed upon the opinion of the learned judge of the common pleas.